IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MARY A. MORRISON,

        Plaintiff,

v.                                  CIVIL ACTION NO. 5:10-cv-00490

CAPITAL ONE AUTO FINANCE, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

      The Court has reviewed Plaintiff's Motion for Expedited Remand to State Court in Time for Pretrial on April 26, 2010, and Trial on May 4, 2010 [Docket 4]. Upon review of this motion, the Court finds that further briefing is unnecessary. For the reasons stated herein, the Court **ORDERS** the same **GRANTED**. The Court further **GRANTS** Plaintiff's request for attorneys' fees and costs.

*I. BACKGROUND*

      Defendant Capital One Auto Finance, Inc., removed this civil action on April 15, 2010. It was originally filed in the Circuit Court of Raleigh County on May 14, 2009, with a pretrial conference scheduled for April 26, 2010, and trial set for May 4, 2010. Defendant premised its late removal on the basis that

> [o]n April 13, 2010, Plaintiff filed a Motion for Partial Summary Judgment that added a new request for equitable relief in the form of debt forgiveness. . . . Forgiving the debt would add an additional $23,778.13 to the maximum amount for which COAF would be liable if Plaintiff prevails . . . Thus, Plaintiffs new request for debt forgiveness would cause the amount in controversy to exceed the jurisdictional limit of $75,000.00.

(Docket 1 at 2). Specifically, in her motion for summary judgment Plaintiff "request[ed] that the Court grant the equitable relief of cancellation of debt for Defendant's 'willful' violations of the [West Virginia Consumer Credit and Protection Act] pursuant to West Virginia Code § 46A-5-105." (Docket 6 at 7).

On April 16, 2010, Plaintiff filed her motion for expedited remand. Among the demands for relief sought in her Complaint is the request that "the Court conclude, as a matter of law, that the Defendant's violations of the WVCCPA were 'willful violations' pursuant to West Virginia Code §46A-5-105 and that the Court order that any alleged debt be canceled." (Docket 1, Ex. 1. at 56). Also served contemporaneously with her Complaint was a stipulation stating that Plaintiff "shall neither seek or accept an amount greater than $74,999.00 in this case, including any award of attorney fees but excluding interest and costs." (*Id.* at 48).

As she requested debt forgiveness under West Virginia Code §46A-5-105 in her original complaint, Plaintiff argues that Defendant's removal is untimely. She accordingly moves for remand and an award of attorneys' fees and costs.[1]

## II. APPLICABLE LAW AND DISCUSSION

This Court has original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)(1). Additionally, a civil action filed in state court over which the United States district courts have original jurisdiction may be removed by the defendant or the defendants to the district court for the

---

[1] The Court notes that Plaintiff also requests sanctions in her memorandum in support of her motion. *See* Docket 5 at 5. However, Plaintiff did not follow the requirements set forth in Fed. R. Civ. P. 11(c)(2).

district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). However, a defendant cannot remove a case to federal district court at will.

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant. If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

Despite Defendant's allegation in its notice of removal, Plaintiff's motion for summary judgment was not the first occasion that Plaintiff sought debt forgiveness. As Defendant received service of process in May 2009, (Docket 1, Ex. 1 at 2), the thirty day window for removal provided by 28 U.S.C. § 1446(b) has long since closed.. Accordingly, remand is proper.

The Court further grants Plaintiff's request for attorneys' fees and costs. Fees and costs are proper where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005). Where "[a] cursory examination of the applicable law would have revealed that the federal district court does not have jurisdiction over [a] case," removal is "ill-founded" and an award of reasonable attorney fees and costs is appropriate. *Husk v. E.I. Du Pont de Nemours & Co.*, 842 F. Supp. 895, 899 (S.D. W. Va. 1994) (Haden, J.). Here, a cursory examination by Defendant of Plaintiff's Complaint would have revealed that removal was untimely inasmuch as Plaintiff's request for debt cancellation or forgiveness is plainly stated on the face of the complaint. The Court, therefore, finds that Defendant lacked an objectively reasonable basis for seeking removal.

*III. CONCLUSION*

For the reasons stated above, Plaintiff's Motion for Expedited Remand to State Court in Time for Pretrial on April 26, 2010, and Trial on May 4, 2010 [Docket 4] is **GRANTED**, and the Court **ORDERS** Plaintiff's request for attorneys' fees and costs **GRANTED**. Thus, the Court **REMANDS** this case to the Circuit Court of Raleigh County for further proceedings. The Court **DIRECTS** the Clerk to send copies of this Remand Order to all counsel of record and any unrepresented party and a certified copy to the Clerk of the Circuit Court of Raleigh County.

ENTER:   April 19, 2010

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA