IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**BECKLEY DIVISION**

MARY A. MORRISON,

            Plaintiff,

v.                                   CIVIL ACTION NO.  5:10-cv-00490

CAPITAL ONE AUTO FINANCE, INC.,

            Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendant's Motion for Reconsideration [Docket 10] and Defendant's Motion for Expedited Consideration of Motion to Reconsider [Docket 12].  In its Motion for Reconsideration,  Defendant argues that the Court should reconsider its memorandum opinion and order of April 19, 2010, [Docket 8], that remanded this civil action to the Circuit Court of Raleigh County.  Specifically, Defendant argues that it was entitled to fourteen days to respond under Local Rule of Civil Procedure 7.1(a)(7), and that it was unable to remove this case until it was served with Plaintiff's motion for summary judgment.

Defendant premises its removal on the basis that Plaintiff's motion for summary judgment requests, for the first time, debt cancellation that is in addition to its $74,999 damage stipulation.  Defendant argues that prior to Plaintiff's motion for summary judgment, it believed that the debt cancellation was part of the $74,999 damages stipulation.  However, as the Court noted in its remand order, the request for debt cancellation was included in Plaintiff's Complaint, which was served contemporaneously with the damages stipulation.  A new or different interpretation of the request

for debt cancellation by Defendant does not satisfy the requirements of 28 U.S.C. § 1446(b).  That

section requires that

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days
> after the receipt by the defendant . . . of a copy of the initial pleading setting forth the
> claim for relief upon which such action or proceeding is based, or within thirty days
> after the service of summons upon the defendant if such initial pleading has then
> been filed in court and is not required to be served on the defendant.  If the case
> stated by the initial pleading is not removable, a notice of removal may be filed
> within thirty days after receipt by the defendant, through service or otherwise, of a
> copy of an amended pleading, motion, order or other paper from which it may first
> be ascertained that the case is one which is or has become removable.

"In determining whether the grounds for removal were ascertainable from a motion, order or other

paper, a court must not inquire into the subjective knowledge of the defendant . . . Instead, the court

must 'rely on the face of the initial pleading and on the documents exchanged in the case by the

parties ... [and] requir[e] that those grounds be apparent within the four corners of the initial pleading

or subsequent paper.'"  *Tolley v. Monsanto Co.*, 591 F. Supp. 2d 837, 845 (S.D. W. Va. 2008)

(Goodwin, C.J.) (internal citations omitted).  In the instant case, the subsequent motion for summary

judgment contained the same request for damages as was reflected in the Complaint.  The motion

for summary judgment is not a "pleading....from which it may first be ascertained that the case is

one which is or has become removable."  Again,  the Court finds that further briefing was

unnecessary to resolve the propriety of removal given the Defendant's cited basis for the removal

and given the objective information contained on the face of the Complaint.

Further, as the Court also noted in its remand order, a cursory examination of Plaintiff's

Complaint and 28 U.S.C. § 1446(b) would have revealed that removal was improper.  The Court

accordingly affirms its prior ruling to award attorneys' fees and costs to Plaintiff.

Therefore, for the above reasons, the Court **ORDERS** that Defendant's Motion for Reconsideration [Docket 10] be **DENIED**.  The Court recognizes the scheduling issues affecting the parties and, therefore, **ORDERS** that the Defendant's Motion for Expedited Consideration of Motion to Reconsider [Docket 12] be **GRANTED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:        April 20, 2010

IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA